OPINION OF THE COURT
Frederick D. Dugan, J.
The petitioners, each 17 years of age, here seek a Family Court order approving and consenting that a marriage license be issued to them. They have retained counsel to make this application and the court has also appointed a Law Guardian for each infant.
The girl’s parents have consented in writing to the issuance of the marriage license by a town clerk but the boy’s widowed mother appears herein personally and confirms her refusal to give the written consent required under subdivision 2 of section 15 of the Domestic Relations Law.
The boy’s Law Guardian moves to dismiss the petition on *184 the grounds that the Family Court has no jurisdiction to grant the approval and consent requested or to dispense with his mother’s written consent.
Judicial approval and consent would be required were this girl now under age 16 years (Domestic Relations Law, § 15, subd 3) and in addition to the approval of her parents. There is no requirement or authorization for any judicial approval and consent for a male of any age to obtain a marriage license.
No judicial approval and consent is here required or authorized (1978 Opns Atty Gen, Aug. 7, 1978).
As to the mother’s refusal to give her written consent to license the marriage of her 17-year-old son, even were it shown to be unreasonably withheld or refused, the Family Court has no subject matter jurisdiction to review a parent’s refusal or to dispense with the written parental consent required by the statute before a town or city clerk may issue a marriage license to a person under 18 years of age.
Motion granted and petition dismissed for lack of subject matter jurisdiction.